TEXTO COMPLETO DE LA SENTENCIA
El 3 de marzo de 2000, la parte apelante de epígrafe, Ramón Evaristo Toledo Maldonado, et ais, (en adelante Toledo), presentó Escrito de Apelación y solicitó la revocación de la Sentencia Sumaria emitida el 26 de enero de 2000, notificada el 14 de febrero de 2000, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante dicha sentencia, el tribunal de instancia desestimó en cuanto a General Motors Acceptance Corp. (en adelante GMAC), la Demanda de Daños y Perjuicios y Violación de Derechos Civiles presentada por Toledo en el Caso Administrativo Número 46, sobre la confección por parte del Estado Libre Asociado de Puerto Rico (en adelante ET .A) de expedientes o "carpetas" por razones de tendencias o ideales políticos. Por los fundamentos que expondremos, CONFIRMAMOS la Sentencia apelada.
I
El 20 de junio de 1997, Toledo presentó demanda de daños y perjuicios y violación de derechos civiles contra el ELA, el Departamento de Policía de Puerto Rico, el Departamento de Justicia y GMAC. En la misma, Toledo alegó que el ELA había abierto y actualizado una "carpeta" en su contra porque él era un conocido militante independentista y que "la práctica ilegal del Estado, a través de sus agencias e instrumentalidades y sus agentes, empleados o funcionarios, ejercida durante más de dos décadas, tuvo efectos acumulativos negativos de carácter social, económico y emocional en los demandantes, afectando su carácter y personalidad y su visión de las instituciones que componen nuestro sistema democrático." Además, Toledo alegó que GMAC "a través de sus ejecutivos, gerentes y/o empleados, proveyó información, documentos y fotos del demandante Ramón Evaristo Toledo mientras éste fue empleado de dicha corporación, a agentes de la Policía de Puerto Rico, los cuales sirvieron para documentar las carpetas que le fichaba y facilitó la labor de los agentes en violación de derechos constitucionales de los demandantes."
El 8 de octubre de 1997 GMAC, contestó la demanda y alegó, entre varias cosas, que la demanda no aducía hechos que justificaran la concesión de un remedio, que los demandantes no tenían causa de acción y que no existía nexo causal entre las acciones u omisiones imputadas a GMAC, o a sus agentes representantes, y los alegados daños sufridos por los demandantes. El 30 de octubre de 1997, GMAC presentó Solicitud de Sentencia Sumaria y alegó que, conforme lo resuelto por el Tribunal Supremo en Medina Morales v. Cruz Manzano, _ D.P.R. _ (1996), 96 J.T.S. 126, no existía una causa de acción civil en daños contra las personas que, como informantes de la Policía, brindaron al ELA información utilizada en la confección de "carpetas", ficheros y listas. Por lo tanto, GMAC solicitó al tribunal de instancia que desestimara la demanda en su contra.
El 3 de febrero de 1998, Toledo presentó oposición a la sentencia sumaria solicitada por GMAC y alegó que en Noriega v. Hernández Colón, 130 D.P.R. 919 (1992), el Tribunal Supremo no había establecido una norma "per se" que excluyera toda causa de acción contra aquellas personas que ocasionalmente brindaban *776 información al ELA relacionada con la persecución política y el "carpeteo". Toledo también alegó que para relevar a los informantes de responsabilidad civil, primero había que analizar la intención con que la información había sido suministrada y si el informante tenía conocimiento del uso que sería dado a dicha información.
Luego de varios incidentes procesales, el 5 de abril de 1999, GMAC presentó moción informativa y alegó que la solicitud de sentencia sumaria estaba sometida para su resolución desde el 30 de octubre de 1997 y que el "beneficio en resolverla con prontitud es que le reduce los gastos a las partes y simplifica la labor de este Honorable Tribunal y a las partes que permanezcan en el pleito." Finalmente, el 26 de enero de 2000, notificada el 14 de febrero de 2000, el tribunal de instancia emitió sentencia sumaria y desestimó la demanda contra GMAC. En dicha sentencia, el tribunal de instancia determinó lo siguiente:
"Procede desestimar la reclamación contra GMAC por la confección del expediente o "carpeta" que del demandante realizó el Estado Libre Asociado de Puerto Rico por los daños que esta práctica ocasionó, tanto al Señor Ramón Evaristo Toledo como a su familia, ya que no empece a que de la demanda [1] y anejos surge que GMAC, a solicitud de éstos, colaboró con agentes gubernamentales brindando información y documentos del demandante utilizados en la confección del expediente o "carpeta" de éste, nuestro Tribunal Supremo en el caso de Noriega v. Hernández Colón, 92 J.T.S. 85; reiterado en Morales Medina v. Cruz Manzano, 96 J.T.S. 126 (1996), brindó la directriz sobre dicho asunto indicando que no debían ser responsables civilmente los entes privados que a solicitud de agentes gubernamentales brindaron información utilizada en la confección de los expedientes o "carpetas", decisiones que nos obligan.
Concluimos que no sería correcto responsabilizar a entes privados que bajo manipulación, de entes gubernamentales ofrecieron información que posteriormente fue utilizada en la confección de los expedientes o "carpetas". Se trató de representantes del gobierno de Puerto Rico que utilizando su figura y posición, manipularon la situación haciendo ver a las personas y organizaciones a las que requirieron información que era su deber ciudadano proveerla y que hacían lo correcto al colaborar con la investigación. No debemos olvidar que se nos ha enseñado que toda acción respaldada por el gobierno y realizada por agentes del orden público goza de una presunción de legalidad. Las decisiones de nuestro más alto foro, antes citadas, respaldan nuestra decisión." 
No conforme, el 3 de marzo de 2000, Toledo compareció ante nos mediante escrito de apelación y solicitó la revocación de la sentencia emitida por el tribunal de instancia. En síntesis, Toledo alegó que el tribunal de instancia erró al desestimar la demanda bajo la premisa de que todo informante estaba excluido de responsabilidad civil. Además, Toledo alegó que la "inmunidad absoluta de todo informante o colaborador, permite a cualquier persona o patrono o institución privada, difamar, discriminar, conspirar con el Estado e impunemente producir daño a un ciudadano por razón de sus creencias políticas e ideológicas."
El 31 de marzo, GMAC presentó su alegato y solicitó la confirmación de la sentencia apelada. GMAC alegó que conforme lo resuelto en Medina Morales v. Cruz Manzano, supra, no existía causa de acción en daños y perjuicios contra los ejecutivos, gerentes y/o empleados de GMAC y que, por ello, la responsabilidad de los informantes no dependía de factores como intención, conocimiento que tenía el informante, sospecha de la ilegalidad de investigación, malicia, etc. Además, GMAC alegó que, en estricto rigor judicial, no procedía hablar de inmunidad porque no existía una causa de acción.
Al estar perfeccionado el recurso ante nuestra consideración, procedemos a resolver.
II
Desde Noriega v. Gobernador, 122 D.P.R. 650 (1988), el Tribunal Supremo declaró inconstitucional la *777 práctica de preparar, actualizar y preservar expedientes, carpetas, listas o ficheros, etc., de personas, agrupaciones y organizaciones, única y exclusivamente por creencias o tendencias políticas e ideológicas. Debido a ello, el Tribunal Supremo ordenó la entrega de dichos documentos a las personas y entidades afectadas.
Posteriormente, en Noriega v. Hernández Colón, supra, el Tribunal Supremoo determinó que los nombres de los agentes e informantes que participaron en la confección de los referidos expedientes o "carpetas" no eran confidenciales y que los mismos no debían ser excluidos de dichos documentos. De esa forma, el Tribunal Supremo resolvió que los informantes ocasionales de quienes el Estado obtuvo información directa o sutilmente, tales como el vecino, el alcalde, el cartero, el compañero de trabajo, el médico del pueblo, el juez, etc., tan sólo ejercitaban sus derechos constitucionales a expresar su opinión sobre una persona. A su vez, dicha información podía ser la impresión pública en la comunidad, la apreciación individual o aquélla que, a fin de cuentas, podría ser catalogada como chisme.
Como premisa cardinal del derecho a la libre expresión, tenemos que aceptar que otras personas tienen derecho a diferir y, por ende, a criticar a quienes sostienen un ideal político contrario, en cuanto a las tres tendencias y movimientos que históricamente han marcado la discusión sobre nuestro destino político: independentista, autonomista y estadista. Ello implica aceptar el derecho de toda persona, de toda tendencia ideológica, a tener de nosotros una buena o mala opinión, a criticamos ideológicamente y a percibir distorsionada o perniciosamente nuestro comportamiento y nuestras creencias. En fin, implica aceptar que toda persona tiene derecho a juzgamos severa o intolerablemente, alejados del mandamiento puro de amar al prójimo. Noriega v. Hernández Colón, supra, página 925.
Por ello, tanto en Medina Morales v. Cruz Manzano, supra, como en Noriega v. Hernández Colón, supra, el Tribunal Supremo expresó lo siguiente:
"Si algo debe quedar bien claro en este proceso, es que ser independentista no constituye un delito, pero no podemos caer en la superficialidad de asfixiar la libre expresión de quienes son contrarios a ese ideario. Con sujeción a las normas vigentes en materia de daños, la responsabilidad civil y la condena total y única tienen que recaer sobre el Estado que montó todo un costosísimo y elaborado aparato oficial para pervertir la útil facultad investigativa de la Policía y, así, mal utilizar esas discrepancias ciudadanas." (Enfasis nuestro).
En el recurso de autos, Toledo alega que la responsabilidad de GMA debe ser adjudicada jurídicamente a la luz de las circunstancias particulares en que proveyó información al ELA. Sin embargo, de la aplicación de las normas anteriormente expuestas, surge que el tribunal de instancia actuó correctamente al desestimar la demanda contra GMAC. GMAC, a través de sus ejecutivos, gerentes y/o empleados, es un informante ocasional que brindó al ELA información sobre Toledo. Al ello ser así, los ejecutivos, gerentes y/o empleados de GMAC tan sólo ejercían su derecho constitucional a expresar su opinión sobre una persona. Por consiguiente, como la responsabilidad civil y la condena total por la confección de las "carpetas" recae única y exclusivamente en el ELA, resolvemos que Toledo no tiene un causa de acción contra GMAC y que la sentencia apelada debe ser CONFIRMADA.
III
En virtud de los fundamentos que anteceden, CONFIRMAMOS la Sentencia apelada.
La Juez Ramos Buonomo disiente con opinión escrita.
Lo acordó y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
*778 ESCOLIOS 2001 DTA 43
1. Sentencia apelada, páginas 2 y 3.
2. Medina Morales v. Cruz Manzano, supra, página 157; Noriega v. Hernández Colón, supra, página 947.